```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS MURPHY,

                    Plaintiff,
                                              MEMORANDUM AND ORDER
         - against -                          00-CV-6647 (DRH) (WDW)

FIRST RELIANCE STANDARD LIFE
INSURANCE COMPANY,

                    Defendant.
----------------------------------X
```

**A P P E A R A N C E S :**

**For the Plaintiff:**
**Jaspan, Schlesinger Hoffman LLP**
300 Garden City Plaza
Garden City, New York 11530
By: Scott B. Fisher, Esq.

**For the Defendant:**
**Rawle & Henderson LLP**
The Widener Building
One South Penn Square
Philadelphia, PA 19107
By: Joshua Bachrach, Esq.

**HURLEY, Senior District Judge:**

Plaintiff brought this action pursuant to the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(1)(B) and 1132(g)(1), challenging the decision of defendant to terminate his long-term disability benefits. After a bench trial, the Court issued a Memorandum & Order, dated May 20, 2004, finding that plaintiff was totally disabled. The Court held that: (1) plaintiff was entitled to long-term disability benefits from the date they were withdrawn to the present; and (2) plaintiff was entitled to long-term disability benefits until either his condition improves to the point that he can perform his past occupation or until the terms of the policy otherwise call for the cessation of benefit payments. The Court

found that prospective benefits should be paid out in accordance with the schedule set forth in the policy. The Court referred the matter to Magistrate Judge William D. Wall for a recommendation as to the amount of damages, interest, fees, and costs to be awarded.

On November 17, 2004, Judge Wall issued a Report and Recommendation as follows:

> In a letter dated October 4, 2004, plaintiff advised the court that the parties "have reached a settlement of this matter, in its entirety and are in the process of circulating and finalizing the written settlement agreement." Accordingly, the undersigned makes no recommendation at this time in light of the parties' representation that the matter has settled.

(Nov. 17, 2004 Report and Recommendation.)

By Memorandum of Decision and Order dated December 3, 2004, the Court adopted the Report and Recommendation in its entirety and directed the Clerk of the Court to close the case. The case was thereafter closed.

Plaintiff now moves for a pre-motion conference to discuss a post-settlement issue regarding the proper calculation of the cost of living adjustment ("COLA") benefit owed to plaintiff under the policy. Plaintiff maintains that under the terms of the parties' settlement agreement, defendant reimbursed plaintiff for past disability benefits and reinstated his monthly disability benefits. However, plaintiff claims that defendant has been improperly calculating the COLA benefits owed to plaintiff, which are part of plaintiff's disability benefits.

Defendant opposes plaintiff's application and argues that the Court lacks subject matter jurisdiction over the instant dispute. In reply, plaintiff contends that the Court retained jurisdiction pursuant to the parties' settlement agreement, which explicitly provides that the Court shall retain jurisdiction for purposes of enforcement of the settlement agreement.

In *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Supreme Court held that a district court that entered a stipulation and order of dismissal after the parties settled a breach of contract action did not have the authority to enforce the terms of the settlement agreement under doctrine of ancillary jurisdiction where the court's order "did not so much as refer to the settlement agreement." *Id.* at 377; *see also id.* at 381-82. Finding that a "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order," *id.* at 381, the Court held that "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382.

Here, the parties' settlement agreement was not incorporated into the Court's Order dismissing the case. In fact, it was never submitted to the Court. Accordingly, under *Kokkonen*, the Court lacks ancillary jurisdiction to hear the settlement dispute. *See Buckhannon Bd. and Care Home Inc. v. West Va. Dep't of Health and Human Resources*, 532 U.S. 598, 604 n.7 (2001) ("Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal.").

The *Kokkonen* Court, however, specifically left open the possibility of finding "some other independent basis for federal jurisdiction." 511 U.S. at 382. In *Bd. of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479 (D.C. Cir. 1996), a case cited by plaintiff, the D.C. Circuit held where parties enter into a settlement agreement to resolve an action for delinquent contributions to an ERISA plan, a subsequent suit to enforce the settlement agreement is not converted into a purely state-law governed contract

3

action. Rather, the second suit is one that seeks enforcement of ERISA rights embodied in the settlement agreement and one over which the district court has independent federal subject matter jurisdiction over. *Id.* at 1484-86. The court stated:

> [W]e need not reach the question of whether the parties' stipulation of dismissal sufficed to retain ancillary federal jurisdiction in the district court. In this case, unlike *Kokkonen*, enforcement of the settlement agreement itself will require adjudication of substantive federal law issues over which federal courts have exclusive jurisdiction under the ERISA statute.

*Id.* at 1484; *see also Miele v. Pension Plan of N.Y. State Teamsters Conference Pension & Ret. Fund*, 72 F. Supp. 2d 88, 95 (E.D.N.Y. 1999) ("[I]n cases involving settlement agreements whose enforcement requires interpretation or application of ERISA law, courts have ruled state-law claims preempted and have found federal jurisdiction.").

The Court agrees with plaintiff that pursuant to *Madison Hotel*, and in contrast to *Kokkonen* which was a breach of contract case founded upon diversity, resolution of the instant dispute, viz. interpretation of the policy provisions regarding COLA payments, requires the application of federal ERISA law. However, in *Madison Hotel*, the D.C. Circuit found that because enforcement of the settlement agreement required application of federal ERISA law, the lower court had subject matter jurisdiction over a *separate* suit to enforce the settlement. Similarly, other cases citing *Madison Hotel* have involved separate actions brought for the sole purpose of enforcing a settlement agreement. *See Shop Ironworkers Local 790 Pension Trust v. Cofab Steel Corp.*, No. C 07-2500, 2007 WL 3342558, at *3 n.7 (N.C. Cal. Nov. 9, 2007) (finding that court had jurisdiction over separate action to enforce settlement which required application of ERISA); *Griswold v. Potter*, No. 1:03-CV-429, 2003 WL 23941714, at *2 (W.D. Mich. Oct. 15, 2003) (analyzing whether court could exercise jurisdiction over separate suit

based on breach of settlement agreement). Here, plaintiff has not brought a separate action.

Thus, the issue remains whether the Court may hear plaintiff's dispute in *this* action, which has been closed for over three years. "In some situations and in some circuits, the breach of a settlement agreement, if it is substantial enough, may suffice as an 'extraordinary circumstance' justifying relief under [Federal] Rule [of Civil Procedure] 60(b)(6)." *Grossman v. Local 1118 of the Communication Workers of America*, 232 Fed. Appx. 70, 71, No. 06-3717-cv, 2007 WL 2389765 (2d Cir. Aug. 17, 2007) (summary order); *but see Harman v. Pauley*, 678 F.2d 479, 480-82 (4th Cir. 1982) (holding that the interest of justice does not require reopening a dismissed case under Federal Rule of Civil Procedure 60(b)(6) where an action to enforce the settlement is available). Plaintiff has not sought relief under this rule.

Accordingly, the Court finds that it may not exercise ancillary jurisdiction over the instant dispute pursuant to *Kokkonen*. Plaintiff may have recourse under Rule 60(b)(6), or he may file a separate action.

**SO ORDERED.**

Dated: Central Islip, New York
April 17, 2008

/s/
Denis R. Hurley,
United States District Judge

5